G. FILE No.

69



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-5012
Re: Applicability of Article 7073,
R. C. S., to purchaser of going
concern, business of which is
subject to tax based on gross
receipts.

Your letter of December 8, 1942, requests the opinion
of this department in regard to the proper construction and
application of the provisions of Article 7060, R. C. S., as
amended by Acts 1941, 47th Leg., p. 269, ch. 184, Art. V, Sec. 1,
codified as Article 7060, V. A. C. S., and of Article 7073, R.C.S.

The facts reflected by your letter and the file fur-
nished subsequent to its date are as follows:

Under a plan of reorganization approved by the Securi-
ties and Exchange Commission pursuant to the provisions of the
Public Utility Holding Company Act of 1935, four subsidiary
corporations of one holding company dissolved and transferred
all of their properties to a new corporation, all of the stock
of which corporation was issued to the holding company. This
transaction took place on December 31, 1942. The businesses
of all four of the dissolved corporations were operated by them
during the period from October 1, 1942, through December 31,
1942. The new corporation began the operation of all of such
businesses on January 1, 1943. The nature of the business is
such that it is subject to the gross receipts tax levied by
Article 7060, V. A. C. S.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. George H. Sheppard, page 2

You seek our advice as to whether the new corporation is subject to the tax imposed by Article 7060, V. A. C. S., calculated on the basis of the amount of business done by its predecessors in ownership or whether it is subject only to the tax imposed by Article 7073, R. C. S.

Article 7060, V. A. C. S., reads, in part, as follows:

"Each individual, company, corporation, or association owning, operating, managing, or controlling any gas, electric light, electric power, or water works, or water and light plant, located within any incorporated town or city in this State, and used for local sale and distribution in said town or city, and charging for such gas, electric lights, electric power or water, shall make quarterly, on the first day of January, April, July and October of each year, a report to the Comptroller under oath of the individual, or of the president, treasurer, or superintendent of such company or corporation, or association, showing the gross amount received from such business done in each such incorporated city or town within this State in the payment of charges for such gas, electric lights, electric power, or water for the quarter next preceding. Said individual, company, corporation or association, at the time of making said report, . . . shall pay to the Treasurer of this State an occupation tax for the quarter beginning on said date . . ." (Emphasis ours)

The statute further provides that the tax therein levied shall be a certain percentage of the gross receipts shown by such reports and provides that the tax shall be graduated according to the population of the cities in which the business is conducted. You will note that the Legislature has called this an occupation tax. The Supreme Court has held it to be such a tax. Utilities Natural Gas Co. v. State, 138 S. W. (2d) 1153. In that case the court said:

"The main object of this statute is the laying of an occupation tax against those who engage in a business of the character defined in the statute. The subject matter in respect to which the tax is imposed is a business bearing the characteristic marks specified in the statute."

Necessarily, before the tax can be calculated under the provisions of Article 7060, there must have been some receipts from business done during the preceding quarter. The statute thus presupposes the existence and operation of the business before its terms become effective. To remedy this situation the Legislature enacted Article 7073, R. C. S., arbitrarily fixing a tax of $50.00 upon the operators of businesses which were begun and pursued on or after the first day of any quarterly tax payment date, for the privilege of engaging in such business for the first quarter during which such business exists. Article 7073, R. C. S., reads as follows:

"If any individual, company, corporation, firm or association, in this chapter mentioned, shall begin and engage in any business for which there is an occupation tax herein imposed, then, and in all such cases, the amount of such tax for said beginning quarter shall be and is hereby fixed at the sum of fifty dollars, payable to the State Treasurer in advance; but for the next succeeding quarter, and all other succeeding quarters, the tax shall be determined by reports to the Comptroller of the business for the preceding quarter, or part thereof, as herein otherwise in this chapter provided; and reports and payments of such tax shall be made subject to all other provisions of this chapter."

In considering this question it is necessary to bear in mind the fact that an occupation license may be transferred by the licensee. Art. 7055, R. C. S.; that anyone engaged in a business required by the laws of this State to pay a tax upon gross receipts is required to have a permit to engage in such business, issued by the Secretary of State, Art. 7060, R. C. S.; and that the application for such a permit must show "that the applicant has paid the gross receipts taxes prescribed by law, or that if the applicant is the vendee of a going business, that his vendor has paid all his gross receipts taxes due or to become due; such taxes are to be shown to be paid for the current quarter, or such other period of time as said taxes may be paid." Article 7061, R. C. S. The permit, when issued, authorizes applicant to engage in the business until December 31st of the year in which it is issued.

A question similar to that here under consideration was discussed in an Attorney General's opinion under date of November 16, 1915. That able and carefully considered opinion was written by Assistant Attorney General Cl W. Taylor and approved by Attorney General B. F. Looney. The question there

Hon. George H. Sheppard, page 4

treated was whether Article 7365, R. C. S. 1911, which is our present Article 7073, R. C. S., was applicable to one who purchased a going business prior to the tax payment date, such business being one which was required to pay an occupation tax based on gross receipts. In holding that the said article was not applicable, the Attorney General said:

"As all taxes upon gross receipts under the various subdivisions of this Act are based upon the amount of business done for the preceding quarter, it is manifest that at the beginning of the business, there being no gross receipts for the preceding quarter, no tax could be based thereon and as such tax is for the privilege of engaging in the occupation for the succeeding quarter it necessarily followed that there must be fixed by statute some arbitrary amount to be paid as a privilege for engaging in the occupation for the beginning quarter.

". . .

"The tax based upon gross receipts for the preceding quarter, being an occupation tax, and the fact that the beginning quarter tax of fifty dollars is levied as an arbitrary amount for the reason there were no gross receipts to form the basis for such tax for a preceding quarter, we think would be sufficient grounds for a ruling that a purchaser of a business upon which the tax has been paid would succeed to the rights of his vendor to pursue the business without the payment of a beginning quarter tax. However, we find in Article 7364, R. S. 1911, (Art. 7055, R. C. S. 1925) dealing with the occupation taxes levied by Article 7355 (Art. 7047, R. C. S. 1925) the authority to convey the unexpired portion of an occupation license, . . . .

"Article 7365 (Art. 7056, R. C. S., 1925) authorizes the assignee or purchaser of an unexpired occupation license to pursue such occupation upon the condition therein named.

"The gross receipt tax levied by the articles of statute under discussion, being an occupation tax, the receipt issued upon the payment thereof, while not in the form of a license, is in fact the authority and license granted by the State to pursue the occupation for the succeeding quarter. While the two articles last named were enacted in 1885, long prior to

the enactment of the gross receipt tax statute, yet as the character of taxation under the gross receipt law is the same as that under what is known as the occupation tax statute, we think the two latter articles quoted have application and that the right acquired by the payment of the gross receipt tax is transferable under these articles.

"We therefore advise you that in our opinion the purchaser of a business subject to a gross receipt tax upon which all taxes have been paid would not be subject to a beginning quarter tax; that he would acquire the right to pursue the occupation under the payment of the tax by his vendor, and that at the beginning of the ensuing quarter after the purchase he would report to the Comptroller the gross receipts of the business for the past quarter including the business done by his predecessor and that done by the purchaser after the purchase and upon such total gross receipts would pay the tax entitling him to pursue the business for the following quarter." (Parentheses and emphases ours)

We think the above quotation correctly interprets the statute here under consideration. That statute, Art. 7073, R. C. S., has not been amended since the date of that opinion. We perceive no reason why the same rule should not apply to the taxpayer who purchases a business subject to the gross receipts tax on the first day of the tax quarter, that would apply if the purchase be made on any other day during the quarter.

It is true that in the case under consideration the taxpayer acquired no privilege to transact business during any part of the quarter. Its predecessors had already used up the privilege which they had paid for. The only difference in the two cases is that in the case then before the Attorney General the taxpayer's predecessors, by doing business for a part of the quarter, had partially laid the basis of taxation, while here the taxpayer's predecessors, by doing business throughout the quarter before the taxpaying date, have entirely laid the basis for arriving at the correct amount of tax for the privilege of doing business for the succeeding quarter.

As pointed out in the opinion from which we have quoted, the arbitrary figure of fifty dollars is levied for the privilege of engaging in a new business because there would otherwise be no basis for computation of the tax, there being no gross receipts upon which to calculate the tax. Such is not the case here. The gross receipts of the business for the entire preceding quarter are known. They constitute the measure from which the tax is to be calculated.

Your attention is directed to the fact that Article 7073 is directed to those taxpayers who "shall begin and engage in any business . . . on or after the beginning day of the quarter for which said tax is imposed, then and in all such cases, . . .." so that if the opinion of Attorney General Looney be correct as to the levy of the tax where the business was purchased after the beginning day of the quarter for which the tax is imposed, it must, for the same reasons, be correct as to the levy of the tax where the business was purchased on the beginning day of the quarter.

Moreover, we would point out that one who purchases an established business, which is subject to the provisions of Article 7060, V. A. C. S., does not, in any event, become subject to the provisions of Article 7073, R. C. S. This is true because he does not "begin and engage in . . . any business." It may be that he has never "engaged in" the taxed business before. If so, and if, after the purchase, he launches upon the operation of the business he begins to engage in the business. The purchaser of an established business does not "begin . . . any business" though he may thereafter engage in that business, and pursue that occupation.

To "begin" means simply "to start" or "to initiate". To begin a business, as used in this statute, we think, means "to initiate" or "to start" that business. To "engage in" the business connotes a continuity of operation or pursuit of the business. To come within the terms of Article 7073, R. C. S., the taxpayer must both "begin and engage in" the business. The fact that the taxpayer never before "engaged in" the business, or that, as in this case, the taxpayer never before existed, is beside the point. When he acquires an established, going business, he does not "begin" that business. It has already been initiated and will continue to be a going concern until it ceases to be a business. Once begun, it can never again be the subject of initiatory steps. It can have only one beginning.

We therefore advise you that Article 7073, R. C. S., is not applicable to the purchaser of a going business, which is subject to the provisions of Article 7060, V. A. C. S., but that the tax should be calculated on the basis of the gross receipts of that business from business done during the preceding quarter, in accordance with the provisions of said Article 7060.

While, under our view of this matter, the fact is immaterial, it is interesting to note that the record submitted to us, though it reflects a change in corporate organization and names, does not indicate that any change in the ultimate ownership or control of the businesses involved has taken place. This being true, even if the statute were otherwise applicable we think that this taxpayer could not take advantage of the provisions of Article 7073, R. C. S., but would be subject to the provisions of Article 7060, V.A.C.S., since it would be continuing the operation of the same businesses under a different name but for the ultimate benefit of the same individuals.

It has been called to our attention that two opinions of former Attorneys General are in apparent conflict with this opinion. One is dated May 8, 1924, addressed to Hon. Lon A. Smith, Comptroller, and signed by R. X. Seagler, Assistant Attorney General. The other is dated February 15, 1928, addressed to Hon. S. H. Terrell, Comptroller of Public Accounts, signed by Paul D. Page, Jr., Assistant Attorney General, and approved by Claude Pollard, Attorney General. Those opinions, insofar as the statements therein contained are in conflict with this opinion, are hereby expressly overruled.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR 26, 1943

ATTORNEY GENERAL OF TEXAS

By Fowler Roberts
Fowler Roberts
Assistant

FR:AMM

THIS OPINION CONSIDERED & APPROVED IN LIMITED CONFERENCE